IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| KULBIR SIDHU, M.D., ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 5:12-CV-603-FL |
| CANCER CENTERS OF NORTH ) | |
| CAROLINA, P.C. and RALEIGH ) | |
| HEMATOLOGY ONCOLOGY ) | |
| ASSOCIATES, P.C., ) | |
| Defendants. ) | |

## CONSOLIDATED CASE MANAGEMENT ORDER

Upon review of the parties' Joint Motion to Consolidate the Case Management Order and for good cause shown, this Court hereby GRANTS and APPROVES said motion in its entirety and hereby listed all deadlines in the above-styled case:

### I. DISCOVERY

A. By the time of the filing of this Motion, the parties shall have exchanged the information required by the Federal Rule of Civil Procedure 26(a)(1).

B. By the time of the filing of this Motion, Plaintiff shall have provided Defendants with a supplemental privilege log.

C. With limited exceptions, as stated below, all discovery-related matters in this action are stayed from August 29, 2013 to **January 6, 2014**, inclusive, while Defendants' lead counsel is on a personal leave of absence.

D. The limited exceptions to discovery activity shall be as follows:

ii. Defendants shall serve any applicable disclosures under Fed. R. Civ. P. 26(a)(2) by **November 4, 2013**. Plaintiff shall serve any objections to such disclosures other than objections pursuant to Federal Rules of Evidence 702, 703, or 705, Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999) or similar case law, within **fourteen (14) days** after service of the disclosures upon her. These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all of the information required by Rule 26(a)(2) has been provided, such as lists of prior testimony and publications). These objections need not extend to the admissibility of the expert's proposed

testimony. If such technical objections are served, counsel shall confer or make a reasonable effort to confer before filing any motion based on those objections. In the event that Defendants identifiy any expert witness pursuant to this subparagraph, and only in such event, on or before December 4, 2013, Plaintiff shall be entitled, as allowed by Rule 26(b)(2)(D) to identify rebuttal experts solely to contradict or rebut evidence on the same subject matter as the evidence offered by the Defendants' expert(s).

    ii. Defendants shall answer Plaintiff's pending discovery requests served on August 1 and August 2, 2013, by **October 1, 2013**.

    iv. Except as specified herein, all other discovery between the parties shall be stayed until **January 6, 2014**, inclusive. Nothing contained in these stipulations shall prevent any of the parties to confer about any discovery production disputes and, if necessary, seek an order to compel production of discovery in the event of either party's failure to comply with the above-listed discovery schedule.

E. All discovery shall be served in time to be completed by **March 6, 2014** (reflecting the four month and five day stay of discovery).

F. Discovery in this case may be governed by a protective order to protect sensitive documents and information that must be exchanged between the parties, including medical records and medical data. If the parties disagree concerning the need for, and/or the scope or form of, a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum. If the parties agree concerning the need for and scope and form of a protective order, their counsel shall confer and then submit a jointly proposed protective order as soon as is practicable.

    i. A jointly proposed protective order shall include, in the first paragraph, a concise but sufficiently specific recitation of the particular facts in this case that would provide the Court with an adequate basis upon which to make the required finding of good case for issuance of the protective order pursuant to Fed. R. Civ. P. 26(c).

    ii. Any proposed protective order shall set out the procedure for filing under seal confidential documents, things, and/or information, pursuant to the requirements of <u>Stone v. University of Maryland Medical System Corp.</u>, 855 F.2d 178, 180-81 (4th Cir. 1988). Specifically, a proposed protective order shall include the following language: "Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is required; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to

access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court."

        iii.    Before ruling on any motion to seal, the court will give the public notice of the motion and a reasonable opportunity to challenge it. While individual notice is unwarranted, the court will docket the motion reasonably in advance of deciding the issue, or, where applicable, the court will notify persons present in courtroom proceedings of the motion. The court will rule favorable upon any motion to seal only after carefully weighing the interest advanced by the movant and those interests favoring public access to judicial documents and records, and only upon finding that the interests advanced by the movant override any constitutional or common law right of public access which may attach to the documents, things, and/or information at issue.

        iv.    The parties are directed to Section T of the court's Electronic Case Filing Administrative Policies and Procedures Manual, available online at www.nced.uscourts.gov/pdf_files/PolicyManual.pdf, for information regarding how to file and serve sealed documents through the court's Case Management/Electronic Case Filing system ("CM/ECF").

G. The parties will undertake a good faith effort to identify electronically stored information relevant to the claims and defenses in this case and will preserve such information. The parties shall work together to identify a reasonable format for the production of electronically stored information.

H. No party shall serve more than 25 interrogatories, including all discrete subparts, to any other party. Responses are due 30 days after service of those interrogatories.

I. No party shall serve more than 25 requests for admissions to any other party. Responses are due 30 days after service of those requests for admissions.

J. There shall be no more than ten depositions by Plaintiff and ten by Defendants.

K. Each deposition shall be limited to seven hours, unless otherwise agreed to by the parties.

L. Supplementations of disclosures under Fed. R. Civ. P. 26(e) shall be served at such times and under such circumstances as required by that rule. In addition, such supplemental disclosures shall be served by **January 24, 2014**. The supplemental disclosures served forty (40) days before the deadline for completion of all discovery must identify the universe of all witnesses and exhibits that probably or even might be used at trial other than solely for impeachment. The rationale for the mandatory supplemental disclosures forty (40) days before the discovery deadline is to put

opposing counsel in a realistic position to make strategic, tactical, and economic judgments about whether to take a particular deposition (or pursue follow-up "written" discovery) concerning a witness or exhibit disclosed by another party <u>before</u> the time allowed for discovery expires. Counsel should bear in mind that seldom should anything be included in the final Rule 26(a)(3) pretrial disclosures that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto; otherwise, the witness or exhibit probably will be excluded at trial <u>See</u> Fed. R. Civ. P. 37(c)(1).

M. To avoid the filing of unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for the briefing or hearing of a motion, or for trial. <u>See</u> Fed. R. Civ. P. 29. Nor does this apply to modifying the requirements of Fed. R. Civ. P. 26(a)(2) concerning experts' reports.

## II. MOTIONS

A. Any motion requesting relief shall be accompanied at time of filing with a proposed form of order, stating its requested relief.

B. Any potentially dispositive motions shall be filed by **May 21, 2014**. All motions to exclude testimony of expert witnesses pursuant to Federal Rules of Evidence 702, 703, or 705, <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993), <u>Kumho Tire Co. v. Carmichael</u>, 526 U.S. 137 (1999), or similar case law shall be filed by the deadline set for dispositive motions.

C. Any motion to compel discovery shall be filed and served **within 30 days** of the act or omission in discovery complained of, after good faith effort between the parties to resolve the matter, unless the time for filing such a motion is extended for good cause shown. Prior to any filing, the complaining party shall convene a conference among the parties and this court by telephone through the office of the case manager, at 252/638-8534. In the event of a discovery dispute of or relating to written discovery, the party convening the conference shall send via facsimile transmittal directed to the case manager at 252/638-1529, the submissions in discovery most directly bearing on the particular dispute, for the court's review in advance of telephonic conference. Motions to compel filed after the deadline and/or without advance conference with the court, absent extenuating circumstances, summarily will be denied. Disputes in discovery which are reduced to writing, timely filed, and where conference with this court in advance of filing has been unable to resolve said dispute, ordinarily will be referred to a magistrate judge for ruling.

D. Any motion to continue must conform with the requirements set forth in Local Civil Rule 6.1, and also includes a detailed statement as to the reason for the requested continuance or extension of time together with the proposed order. Continuances will be granted only upon showing of good cause, particularly focusing upon the evidence of diligence by the party seeking delay and of prejudice that may result if the continuance is denied.

## III. ALTERNATIVE DISPUTE RESOLUTION ("ADR")

A. A settlement procedure is required in virtually every case, to be conducted before the close of discovery if the case is automatically selected for mediation pursuant to Local Civil Rule 101.1a(b), or before the final pretrial conference if not automatically selected.

B. This case has been automatically selected for mediation and said selection affirmed by the court at the Rule 16(b) conference. Reference is made to Local Civil Rule 101.1 *et. seq.* for required deadlines.

C. The deadline for the parties to complete mediation in this case is **March 13, 2014**.

D. If at any time a settlement is reached, it shall be reported immediately to this court. The parties shall refer to Local Civil Rule 101.1e for their specific obligations.

## IV. PRETRIAL AND TRIAL SCHEDULING

A. After the court has ruled on any dispositive motion(s), the court will enter a scheduling order governing deadlines and procedures for final pretrial conference and trial, as appropriate.

IT IS SO ORDERED this __10th__ day of October, 2013.

LOUISE W. FLANAGAN
United States District Judge