IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| KULBIR SIDHU, M.D., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CANCER CENTERS OF NORTH )<br>CAROLINA, P.C. and RALEIGH )<br>HEMATOLOGY ONCOLOGY )<br>ASSOCIATES, P.C., )<br>)<br>Defendants. )<br>) | Case No. 5:12-CV-603-FL |

## **STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT**

WHEREAS, the Parties have petitioned this Court to amend the Stipulated Protective Order and Confidentiality Agreement for the purposes of expediting the production of documents responsive to the parties' search for electronically stored information;

WHEREAS, discovery sought by the Parties in this action or matters at issue between the Parties may involve the production or display of documents, responses, electronically stored information, and testimony containing confidential medical information protected by the Health Insurance Portability and Accountability Act ("HIPAA"), as well as confidential business, financial, and proprietary or other non-public information of a sensitive nature; and

NOW THEREFORE, upon agreement of the Parties and for good cause shown, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court hereby ORDERS that the Stipulated Protective Order and Confidentiality Agreement is amended, and the following will govern the discovery of documents and information in the above-captioned action:

1. As used in this Order, the following words and phrases will have the following meanings:

(a) "Party" or "Parties" for the purpose of this Order, include any of the parties named in this action, and their officers or directors.

(b) "Independent Expert" and "Independent Consultant" mean a person who is not an employee, officer, director, or owner in any capacity of a Party, and who is retained by counsel for a Party in good faith to assist in the preparation, settlement, or trial of this case. This includes third party vendors assisting with document production.

(c) "Confidential Material" means responses to subpoenas or discovery requests, including documents, electronically stored information, or any other thing, that contain information which a Party in good faith believes reveals confidential business, financial, and proprietary information; medical, health, or psychological information; or other non-public information of a sensitive nature about the Party that the Party designates as "Confidential" in accordance with this Order, as well as all testimony, documents, information and statements (oral or written) derived from, containing or referring to such Confidential Material.

2. Documents and other tangible material claimed to be Confidential Material will, prior to production, be marked by the producing Party as "Confidential." Placement of the "Confidential" designation on each page of a document when it is produced will designate the information contained therein as Confidential Material. Copies, extracts, summaries, notes, and other derivatives of Confidential Material also will be deemed Confidential Material and will be subject to the provisions of this Order.

3. Documents produced in the litigation that are not identified as "Confidential" at the time of production by the producing Party may thereafter be identified as Confidential Material by the producing Party, or by the Party or Parties receiving the production of such documents or material, by written notice served on each Party. Each Party who receives such written notice will endeavor to retrieve any Confidential Material that may have been disseminated, will affix a "Confidential" designation to it, and will thereafter use it only as allowed by this Order. No distribution prior to the receipt of such written notice will be deemed a violation of this Order.

4. Confidential Material in any form may be used only for purposes of this litigation, and specifically will not be used or referred to, directly or indirectly, for any other purpose, including but not limited to (a) for any business purpose, (b) for publicity, (c) in any advertising, or (d) in any material disseminated to any person not authorized to receive such material under the terms hereof, except as set forth above and in this Order. Each person to whom a permitted disclosure of any Confidential Material is made will not, directly or indirectly, use, disclose, or disseminate, or attempt to use, disclose, or disseminate, any of the same except as expressly provided herein.

5. Each document that is filed with the Court that contains any Confidential Material will be filed as a proposed sealed document pursuant to the procedures of Local Rule 79.2. Specifically, each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is required; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated,

whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court.

6. Except for use by counsel for the Parties hereto in the course of this litigation, for Court and deposition copies, and for such use as is expressly permitted under the terms of this Order, no person granted access to Confidential Material will make any copies, reproductions, or facsimiles of the same or any portion thereof.

7. Except as otherwise expressly provided herein, Confidential Material will be revealed only as follows:

 (a) to the Court and Court staff in the manner described above;

 (b) to mediator(s), arbitrator(s), or special master(s) attempting to assist in resolving or adjudicating all or any portion of this matter, provided all Parties agree that the mediator(s), arbitrator(s), or special master(s) may serve in that capacity (or are so ordered by the Court);

 (c) to counsel who have entered an appearance in this action for a Party hereto;

 (d) to partners, associates, secretaries, paralegals and other staff employed in the offices of such counsel who are working on the case;

 (e) to court reporters transcribing a deposition, hearing, or other proceeding in this matter;

(f) to witnesses who, at the time they testify or are deposed, are employed by or retained by the Party that designated the material as Confidential;

(g) as set forth in Paragraph 8 below regarding depositions of witnesses;

(h) to Independent Experts and Independent Consultants, provided that a Party who proposes to reveal Confidential Material to any Independent Expert or Independent Consultant will obtain a letter in the form of **Exhibit A** hereto signed by such person;

(i) to any Party and to officers or directors of any Party whose participation in the matter is necessary for its prosecution or defense, provided that, prior to such disclosure, the officer(s) or director(s) are advised of the contents of this Order regarding the use and disclosure of Confidential Material and agree to comply with the terms of this Order;

(j) to any employee of a Party who has been noticed for deposition or who has been identified as a potential trial witness, to the extent necessary for the preparation of such employee(s) for testimony, provided that the employee(s) are advised of the contents of this Order regarding the use and disclosure of Confidential Material and agree to comply with the terms of this Order;

(k) to Dr. Itsvan Pataki; and

(l) to such other persons as hereafter may be agreed upon in writing or on the record among counsel for all Parties.

8. Confidential Material will be utilized in pretrial depositions in a manner calculated to preserve the confidentiality of such information, in accordance with the following procedures:

(a) Any Party may use Confidential Material at a deposition of a person authorized to receive and review such Material; however, only persons authorized to receive such Material may attend the portions of the deposition pertaining to such information.

(b) Any deponent who is not otherwise authorized to receive Confidential Material pursuant to the terms of this Order may review such Material as necessary during the course of a deposition, upon the condition that the deponent will first read this Order, state on the record that he or she understands the Confidential Material is subject to this Order, and state on the record that he or she agrees to be bound by its terms.

(c) If any Confidential Material is to be marked as a deposition exhibit, such deposition exhibit will be bound and marked "CONFIDENTIAL MATERIAL— SUBJECT TO PROTECTIVE ORDER," by the court reporter. A deponent will not be permitted to retain a copy of any Confidential Material absent written agreement of the Parties or court order.

(d) Any Party may designate testimony at a deposition as Confidential Material. Such designation or request may be made in response to a question, prior to any responsive testimony being given, or thereafter. If such designation is made during the deposition, any person not authorized to receive the category of information will be excluded from the deposition until testimony regarding those matters has been concluded.

(e) If any Party objects to the designation of particular testimony as Confidential Material, the objection will be noted for the record; however persons not authorized to receive that category of information will nevertheless be excluded from the deposition until testimony regarding the designated information has been concluded. The

objecting Party, however, may challenge the designation or request before the Court, either during the deposition or after its conclusion.

(f) In addition to the foregoing, any portion of a deposition transcript may be designated as Confidential Material as follows: the Party seeking such treatment will, within fourteen (14) days of the actual receipt of the deposition transcript, serve upon the Parties a list of page and line numbers to be designated as Confidential Material. Until the sooner of the receipt of a Confidential designation or the expiration of fourteen days following actual receipt of the deposition transcript, the entire deposition will be deemed Confidential.

(g) Any court reporter or other person taking or preparing transcripts of a deposition at which testimony concerning and exhibits constituting Confidential Material may be disclosed will be advised of the terms of this Order and agree to be bound thereby.

9. Any Party may request that any other Party "downgrade" Confidential Material to non-confidential status or permit one or more specific individuals who is not otherwise authorized to review the material provided that it is otherwise treated as Confidential Material. In the event the Parties are unable to agree to such downgrading, or a Party deems it necessary that this Order be modified but the Parties are unable to agree regarding the proposed modification, then either Party, with proper notice to all Parties and opportunity of the same to be heard by the Court, may seek such orders from the Court as may be appropriate, including the Court's order that the designated materials not be considered Confidential subject to the protections of this Order. The Party seeking protection of material as Confidential will bear the

burden of establishing the actual present need for that designation. Upon a showing of good cause the Court will have the power to:

    (a)    foreclose access to any Confidential Material, in whole or in part, to any person;

    (b)    order that Confidential Material be freed from any and all of the provisions hereof, including by downgrading Confidential Material to non-confidential status;

    (c)    modify this Order so that Confidential Material may be disclosed to additional specified persons; and

    (d)    enter such other orders as the Court deems appropriate.

10.    Counsel for each Party will take reasonable precautions to prevent the unauthorized or inadvertent disclosure of any Confidential Material.

11.    After the final termination of this litigation by judgment, appeal, settlement, or otherwise, upon request of a producing Party or counsel for a producing Party, a Party will, within thirty (30) days, or sooner if so ordered by a court of competent jurisdiction, return to counsel for the Party who furnished the same (or supervise and certify the destruction of), all items constituting, containing, or reflecting the other Party's Confidential Material. Notwithstanding such request, the Parties' counsel may retain one copy of their respective work product that contains Confidential Material, provided that the information so retained will not be disclosed for any purpose except disclosure by subpoena or court order, in which case the attorney required to disclose such information will promptly provide the designating Party with written notice of the demand for disclosure and will refrain from disclosing such information for a period of no less than ten (10) days from issuance of such subpoena or court order, or such

shorter period as specified in a court order, to enable the designating Party to seek relief from the appropriate court.

12. Neither the termination of this action nor the termination of the employment, engagement, or agency of any person who had access to any Confidential Material will relieve any person from the obligation of maintaining both the confidentiality and the restrictions on the use of any Confidential Material disclosed pursuant to this Order.

13. The restrictions set forth in this Order will not apply to information that (a) is in the public domain at the time of disclosure as evidenced by a written document, (b) becomes part of the public domain through no violation of this Order, (c) can be shown by the receiving Party to have been lawfully in its possession at the time of the disclosure as evidenced by a written document; or (d) comes into the lawful possession of the receiving Party independently of the producing Party.

14. Nothing in this Order or done by the Parties pursuant to this Order will constitute an admission by any Party, or will be used as evidence, that information designated as Confidential Material is in fact confidential in nature, and nothing herein will preclude the Parties from raising any available objection, or seeking any available protection with respect to any Confidential Material, including but not limited to the grounds of the admissibility, materiality, trial preparation materials, and privilege.

15. The Parties agree that no failure or delay in exercising any right, power or privilege granted in this Order will operate as a waiver of any such right, power or privilege granted in this Order.

16. Any third party document custodian or witness from whom any Party requests or subpoenas documents, information, testimony or any tangible item in the course of this litigation

may, by a writing signed by such third party and served on the parties to this action, become a Party to this Agreement.

17. The Parties stipulate and agree that this Order will be effective once entered by the Court, and retroactive to the date it was executed by counsel. The Parties further stipulate and agree that this Order creates contractual rights binding the Parties upon execution by counsel, prior to issuance as an Order of the Court.

18. The Parties stipulate and agree that this Order will be governed by the laws of North Carolina, and that the Court has exclusive jurisdiction, and will retain exclusive jurisdiction, for purposes of enforcing this Order.

19. The provisions of this Order will survive the final disposition and termination of this action.

20. This Stipulated Protective Order and Confidentiality Agreement shall also apply to any information regulated by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). The parties have a need to inspect, copy and exchange records containing Protected Health Information ("PHI"), as defined in the "Administrative Simplification Provisions" found at 45 C.F.R. Sections 260 through 264, from patients who were treated by the Plaintiff while she worked for the Defendant Cancer Centers of North Carolina, P.C. ("Defendant CCNC") in the course of discovery in this matter, while at the same time protecting that information from further disclosure to third persons whose review of the unredacted records would not be necessary or appropriate. The Defendant may also have a need to subpoena certain medical records of the Plaintiff as a result of the allegations that she has made in support of her claims in this matter. The Parties have also agreed to search terms related to the production of electronically stored information ("ESI") which has resulted in the collection of approximately

200,000 emails and documents of Defendant CCNC employees and shareholders, which the Parties reasonably believe to contain PHI relating to patients of Defendant CCNC treated by providers other than the Plaintiff. The Court finds that the certain medical records described in this order to which the Parties request the ability to inspect, copy, exchange, disclose or access are or may be relevant to the lawsuit, and that inspection, copying, exchange, disclosure and/or access to/of those records is necessary and in the interest of justice. It is therefore ordered that:

> (a) The Parties may exchange in discovery unredacted copies of the medical records of patients treated by the Plaintiff while she worked for Defendant CCNC and share such records only with their lawyers and employees of their respective law firms, or any ESI consultant employed by counsel for any Party. The Parties may also exchange in discovery unredacted copies of emails and documents of Defendant CCNC isolated by the parties' agreed upon ESI search terms which may contain PHI relating to patients treated or seen by Plaintiff or other providers at Defendant CCNC, or which may contain the recommendations of Plaintiff or other providers at Defendant CCNC relating to the treatment of those patients. In the event that any such records are to be produced in any deposition or any filing with the court, all PHI shall be redacted before presenting such records for review by a deponent in a deposition, as an exhibit to a deposition, or as an exhibit to a filing with the Court, provided that any Party may file unredacted versions with the Court under seal if those documents are necessary to the Court's consideration of a substantive issue.

> (b) Any Party may issue a subpoena duces tecum for the medical records related to Plaintiff's care and treatment from January 1, 2007 until the time of trial to any treating health care provider of the Plaintiff, or the custodian of such records, in

connection with any discovery deposition or for production at the trial of this matter without further order of the court and by presenting this order as appropriate authorization. Upon presentation of this order and a validly issued subpoena, the original medical records and/or copies of records shall be produced by such treating healthcare providers and/or custodians of records at their depositions or at trial.

(c) At the deposition, counsel for the Parties may inspect original records and request and/or produce copies of any records not previously produced in discovery, and the custodian of those records shall provide copies. Counsel shall not disclose any records obtained pursuant to this paragraph of this order except as may be reasonably required in defending this lawsuit.

(d) At the conclusion of this litigation, all copies of records obtained pursuant to paragraph (a) and (b) above shall be returned to counsel for the producing Party or destroyed as required by HIPAA.

(e) Nothing in this order shall permit Defendants to use this order to obtain medical records of the Plaintiff except as permitted under Paragraph (b) above; provided further, however, that Defendants are not precluded from filing a motion with the Court to obtain an order seeking the production of any other medical records of Plaintiff from any health care provider, and Plaintiff is likewise not precluded from objecting to such motion.

Dated: 01/09/2014

LOUISE W. FLANAGAN
United States District Judge

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| KULBIR SIDHU, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CANCER CENTERS OF NORTH | ) | Case No. 5:12-CV-603-FL |
| CAROLINA, P.C. and RALEIGH | ) | |
| HEMATOLOGY ONCOLOGY | ) | |
| ASSOCIATES, P.C., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**AGREEMENT CONCERNING MATERIAL COVERED BY STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT**

The undersigned hereby acknowledges that s/he has read the Stipulated Protective Order and Confidentiality Agreement entered in this action, understands the terms thereof, agrees to be bound by such terms, and agrees to be subject to the jurisdiction of the Court in all matters relating to said Stipulated Protective Order and Confidentiality Agreement.

Dated: _____

Name: _____